IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-346-KD-M |
| | ) | |
| FRANKIE M. BEECH, CASANOVA'S | ) | |
| RENDEZVOUS CAFÉ, LLC d/b/a | ) | |
| CASANOVA'S RENDEZVOUS CAFÉ | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 21), and the Defendants' Response (Doc. 23). Upon due consideration of the parties' briefs and evidentiary submissions, Plaintiff's motion is due to be **GRANTED** as to liability for the Defendants' violation of 47 U.S.C. §605. The issue of damages is **CARRIED TO TRIAL**.

**I.      Findings of Fact**[1]

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") is a Pennsylvania corporation "that distributes sports and entertainment programming to commercial establishments." (Docs. 1 at 2 and 21-2 at 1). "[Joe Hand] was granted and has at all times owned the exclusive domestic commercial distribution rights in and to" the telecast of *Ultimate Fighting Championship: Henderson v. Edgar II Broadcast* ("UFC 150"), which took place on August 11, 2012. (Docs. 21-1 and 21-4 (Distributorship Agreement)).

Defendant Casanova's Rendezvous Café ("the Café") is owned and operated by Defendant Frankie Beech ("Beech") The Café is located at 17257 Jordan Street, Suite D,

---

[1] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998–999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

Chatom, Alabama 36518.[2] Beech is "the sole manager, member and president" of the Café and the only individual who holds a financial interest in it. (Doc. 21-9 at 2-3).

On August 11, 2012, UFC 150 was broadcast at the Café. Neither the Café nor Beech obtained commercial distribution rights to broadcast UFC 150 from Joe Hand. (Doc. 23 at 3-4). Instead, UFC 150 was obtained via a residential satellite account registered to Beech at her home address. (Docs. 21-9 at 6 and 23-1 at 1-2). Prior to the event, Beech advertised via the Café's Facebook page that UFC 150 would be shown at the Café. (Doc. 23-1 at 2).

On August 11, 2012, investigative auditor Douglas Sharp went to the Café while UFC 150 was being shown. (Doc. 21-5). As evidenced by Sharp's affidavit and Beech's admissions, UFC 150 was displayed via a projector screen and a television at the Café. (Docs. 21-5 at 2, 21-9 at 5). Sharp did not pay a cover charge to enter the establishment. (Doc. 21-5 at 2). While there, Sharp took three head counts of patrons present during the exhibition of UFC 150. The first, second, and third headcounts were 19, 23, and 31, respectively. (Id. at 3). The Café had $574.26 in gross receipts on the date of the program. (Doc. 21-9 at 4).

On July 24, 2014, Plaintiff Joe Hand Promotions, Inc. commenced this action by filing suit against Beech and the Café alleging violations based on the unauthorized broadcast of UFC 150, in violation of 47 U.S.C. §§553, 605. The Defendants answered the complaint on September 17, 2014. (Doc. 6). On March 18, 2015, Joe Hand filed its motion for summary judgment. (Doc. 21). The Defendants responded on April 13, 2015 (Doc. 23).

---

[2] Though Beech owns and operates the business, the space in which it is located is leased from another individual.

## II.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).  The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the

moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter … the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992).

**III.   Analysis**

    **A.   Defendants' Motion for Judgment on the Pleadings**

Defendants have moved for judgment on the pleadings arguing that Count I of the complaint, brought under 47 U.S.C. § 605, "fails to allege an interstate communication(s), which is a clear requirement" of the statute. (Doc. 24 at 2). In support, Defendants cite *Joe Hand Promotions, Inc. v. Sorota,* 2012 WL 2414035 (S.D. Fla 2012). In *Sorota*, the district court granted the Defendant's motion to dismiss a § 605 claim on the same grounds, but permitted the Plaintiff leave to amend the complaint. *Id*.

In 2013, the Middle District of Florida evaluated a similar argument in a § 605 case also involving Joe Hand, holding

> Joe Hand has alleged that the broadcast at issue "originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal."…The Court finds this allegation sufficient to withstand Defendants' [Fed R. Civ. P. 12(b)(6)] Motion to Dismiss despite Joe Hand's failure to specifically allege that the broadcast constituted an interstate or foreign communication.

*Joe Hand Promotions, Inc. v. Caddyshanks, LLC*, 2013 WL 869527, at *3 (M.D. Fla. Mar. 7, 2013). The quoted language in *Caddyshanks* is the same language contained in the complaint in this case. (Doc. 1 at 3).[3] This Court is persuaded by the Middle District of Florida's reasoning.

---

[3] "A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Roma Outdoor Creations, Inc. v. City of Cumming, 558 F.Supp.2d 1283, 1284 (N.D.Ga.2008)*.

4

Further, Defendants untimely filed their motion for judgment on the pleadings on April 13, 2015. The Scheduling Order in this case set a March 20, 2015 deadline for dispositive motions. (Doc. 9). Defendants did not seek and were not permitted leave to file such a motion beyond the March 20, 2015.*4* For these reasons, the Defendants' motion for judgment on the pleadings (Doc. 24) is **DENIED**. Joe Hand's Motion to Strike (Doc. 25) is **MOOT**.

### B. Liability Under 47 U.S.C. § 553

Joe Hand brought suit against Beech individually, and as principal of the Café, as well the establishment itself for exhibiting UFC 150 to patrons at the Café without Joe Hand's authorization. Joe Hand seeks relief under two different statutory provisions—47 U.S.C. § 605 (The Communications Act of 1934), or, alternatively, 47 U.S.C. § 553 (The Cable & Television Consumer Protection and Competition Act of 1992).*5* Section 605 of the Communications Act provides as follows:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

---

[4] *See Ray v. Ford Motor Co.*, 2011 WL 6440521, at *1 (M.D. Ala. Dec. 22, 2011) (holding that a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is a dispositive motion and denying the motion for untimeliness).
[5] Plaintiff can only recover under one statute. *See, e.g., J & J Sports Prods., Inc. v. Blackwell, 2009 WL 2171897, at *2 (M.D.Ala. July 21, 2009)*; *J & J Sports Prods., Inc. v. Guzman, 2009 WL 1034218, at *2 (N.D.Cal. Apr.16, 2009)*.

47 U.S.C. § 605(a). This section "prohibits the unauthorized third party reception of satellite transmissions intended for fee-paying subscribers." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 881 F.2d 983, 988 (11th Cir. 1989)*, vacated on other grounds by 895 F.2d 711 (11th Cir. 1990). "Satellite signals are considered 'radio communication.'" *J & J Sports Prod., Inc. v. Allen, 2011 WL 941502, *2 at n. 3 (N.D. Ga. Mar. 14, 2011)*.

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by the cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). As the Northern District of Georgia has recently explained:

> There is a split among the circuits as to what activity each section covers and how to reconcile potential overlap in the provisions.[6] Some circuits have held that § 605 applies to satellite transmissions *and* cable programming transmitted over a cable network. See Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123 (2d Cir.1996) (holding that both § 605 and § 553 cover interception of cable programming transmitted over a cable network). Other circuits have held that only § 553 covers cable programming transmitted over a cable network. *See TRK Cable Co. v. Cable City Corp., 267 F.3d 196 (3d Cir.2001)* (" § 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior or not in connection with, distribution of the service over a cable system,' and no more. Once a satellite transmission reaches a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605."); *United States v. Norris, 88 F.3d 462, 466 (7th Cir.1996)* (affirming district court's finding that "where cable programming is broadcast through the air and then retransmitted by a local cable company over a cable network, § 605 should govern the interception of the satellite or radio transmission through the air, while § 553(a) should govern the interception of the retransmission over a cable network"). The Court is persuaded by the Third and Seventh Circuits' interpretation of § 605's plain language, and finds that § 605 prohibits commercial establishments from intercepting and broadcasting satellite programming, while § 553 addresses interceptions that occur through a cable network. See *Scientific–Atlanta, 1997 WL 33543688, at *14; CSC Holdings, Inc. v. Kimtron, Inc., 47 F.Supp.2d 1361, 1364 (S.D.Fla.1999)*.

---

[6] The Eleventh Circuit has not addressed this issue.

*J & J Sports Prods., Inc. v. Indigo Bar & Lounge, Inc.*, 2014 WL 1347065, at *2 (N.D. Ga. Apr. 3, 2014).

The Court finds this reasoning persuasive. A review of the Record indicates that the Defendants received and broadcast the fight via satellite, not cable. Thus, the Defendants are liable under § 605 rather than § 553. Accordingly, Count 2, brought under § 553, is **DISMISSED**. [7]

### C. Liability Under 47 U.S.C. § 605

In its response to Joe Hand's motion for summary judgment, the Defendants concede that they are liable for violating § 605. (Doc. 23 at 4 "Therefore, Plaintiff is entitled to summary judgment as a matter of law on the issue of liability."). To hold Beech vicariously liable in her individual capacity and as officer, director, shareholder and/or principal of the Café under § 605, Joe Hand must show that Beech had a "right and ability to supervise the violations, and that he had a strong financial interest in such activities." *J & J Sports Prods., Inc. v. Arboleda,* 2009 WL 3490859, at *5 (M.D. Fla. Oct. 27, 2009). Beech is "the sole manager, member and president" of the Café and the only individual who holds a financial interest in it. (Doc. 21-9 at 2-3). Beech has admitted that she placed the order for UFC 150 and that it was shown in the Café on August 12, 2011. (Doc. 23-1). "Joe Hand is entitled to joint and several liability[8] for damages against [Beech] in an individual and corporate capacity." *Joe Hand Promotions, Inc. v. Blanchard*, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010).

---

[7] In its motion for summary judgment, the Joe Hand notes, "Plaintiff pled this matter in the alternative. After discovery, Plaintiff moves solely under Title 47 U.S.C. § 605." (Doc. 21-2 at 1, n.1).

[8] "It appears that joint and several liability is available for violations of the Communications Act." *Kingvision Pay–Per–View Corp., Ltd. v. El Torito Supermarket, Inc., 2007 WL 1794158, at *3 (M.D.Fla.6/19/07)*; see *Cable/Home Comm. Corp. v. Network Prod., Inc., 902 F.2d 829, 852 (11th Cir.1990)* (declining to disturb award of joint and several damages between corporate and individual defendants).

Based on the facts before it, the Court finds that it is undisputed that Joe Hand has shown that Defendants did in fact intercept and publish UFC 150 in the commercial establishment without receiving authorization from Joe Hand, which the Defendants do not dispute. The Court notes the Defendants' argument that they paid Dish TV for UFC 150, however, the fact remains that the Defendants did not obtain the proper commercial exhibition rights from Joe Hand, who held these rights exclusively. Thus, Defendants are liable for the unauthorized broadcast of the UFC fight. Accordingly, Joe Hand's motion for summary judgment as to liability on Count 1, brought under 47 U.S.C. §605, is **GRANTED**.

1. **Damages Under 47 U.S.C. § 605**

Under § 605, a court may grant injunctive relief, award damages, and direct the recovery of full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B). An aggrieved party may then elect to recover actual or statutory damages. 47 U.S.C. § 605(e)(3)(C).[9] The statute

---

[9] Section 605(e)(3)(C)(i)-(iii) provides:

> **(C)(i)** Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> **(I)** the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>
> **(II)** the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
>
> > **(ii)** In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
> >
> > **(iii)** In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

authorizes damages for "each violation of subsection (a) of this section ... in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the violation was committed "willfully and for the purpose of commercial advantage or private financial gain," the court may award up to $100,000 in enhanced damages. 47 U.S.C. § 605(e)(3)(C)(ii). The statute further provides, **"**In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250." 47 U.S.C. § 605(e)(3)(C)(iii). Joe Hand seeks both statutory damages and enhanced damages.  In her affidavit, Beech explains,

> In or around October 2010, Dish Network satellite television programming was installed in the Café by a gentleman employed by Record & South RadioShack in Jackson, Alabama. At that time, I had no independent knowledge of the technicalities of satellite television programming. Therefore, I relied on the gentleman's knowledge and expertise to install my satellite television programming. The gentleman came into the Café to install satellite television programming, and I told him that the building would be used as both a restaurant and a bar…At no time prior to being contacted by Plaintiff did I become aware that the satellite television programming that had been installed in the Café was intended for residential use only. Additionally, until being contacted by Plaintiff, I was not aware that the Café was required by law to purchase proper commercial distribution rights to the Event from the Plaintiff.

(Doc. 23-1 at 1-2). Beech admits that she ordered UFC 150 from the account and that she paid Dish Network $54.99 for the broadcast. (Id. at 2). Joe Hand argues that the Defendants' § 605 violation was willful, and that it is entitled to enhanced damages as a result. Though the Court has determined that the Defendants are liable for violating § 605, there are issues of material fact as to whether Beech willfully violated § 605 and whether Beech was "aware and had no reason to believe that [her] acts constituted a violation" of § 605. Accordingly, summary judgment as to the amount of damages to which Joe Hand is entitled is not appropriate. *See Joe Hand Promotions, Inc. v. Zani*, 2013 WL 5526524, at *1 (N.D. Ill. Oct. 7, 2013)(granting plaintiff's

motion for summary judgment as to liability and denying as to damages under similar circumstances). Accordingly, the issue of damages is **CARRIED TO TRIAL**.

### IV.  Conclusion

For the reasons discussed herein, Count 1, brought under 47 U.S.C. § 553, is **DISMISSED** and Joe Hand's motion for summary judgment as to liability on Count 2, brought under 47 U.S.C. § 605, is **GRANTED**. The issue of damages is **CARRIED TO TRIAL**.

**DONE** and **ORDERED** this the **21st** day of **April 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**